IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SANTRAYIA BASS,**

 **Plaintiff,**

v.                   **Civil Action No. 3:21cv147**

**MARIE L. CARR,** *et al.,*

 **Defendants.**

### MEMORANDUM OPINION

This matter comes before the Court on four motions, one of which this Court will decide in part: Defendants Reid Baker and the School Board of the City of Virginia Beach, Virginia's Motion to Dismiss or, in the Alternative, to Transfer Venue (the "Motion").[1] (ECF No. 8.) *Pro se*[2] Plaintiff Santrayia M. Bass did not respond to the Motion, and the time to do so has expired.[3] Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[4] For the reasons that follow, the Court will grant the Motion in part and transfer this action to the

---

[1] The Court will rule only on the transfer issue in the Motion, withholding judgment on the substantive arguments for dismissal.

[2] Because Bass proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).

[3] Defendants filed a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (ECF No. 9.)

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Bass seeks relief under 42 U.S.C. § 1983.

United States District Court for the Eastern District of Virginia, Norfolk Division (the "Norfolk Division").

## I. Procedural and Factual Background

This action arises from a criminal investigation involving a minor, O.W., related to his possession and distribution of pornographic images of another minor. Bass, O.W.'s mother, brings this action on behalf of her child, alleging violations of O.W.'s Fourth,[5] Fifth,[6] and Sixth[7] Amendment rights. (Compl. 4, ECF No. 1.)

### A.    Factual Background[8]

On March 5, 2019, during school hours, Baker, the Assistant Principal of Kempsville Middle School in Virginia Beach, Virginia, questioned O.W. in the presence of Defendant Marie L. Carr, the School Resource Officer and a Virginia Beach Police Officer, about O.W.'s possession and distribution of pornographic images involving a minor. (Compl. 5.) Bass submits that during this inquiry, Baker eventually left Carr and O.W. alone in the room, and at that point Carr "directed [O.W.] to show the photo" O.W. allegedly sent to classmates. (*Id.*) O.W. complied with Carr's demand. (*Id.*) According to Bass, Carr never read O.W. his *Miranda* rights, leaving O.W., who was thirteen years old at the time, unaware that Carr could use the nude photograph as evidence against O.W. in a criminal investigation. (*Id.*) Bass avers

---

[5] The Fourth Amendment protects "[t]he right of all people to be secure in their persons . . . and effects[] against unreasonable searches and seizures." U.S. CONST. amend. IV.

[6] The Fifth Amendment assures that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V.

[7] The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his [or her] defense." U.S. CONST. amend. VI.

[8] The Court presents the factual background relevant to Motion.

that Carr nevertheless relied on the information and photograph obtained from O.W. to arrest O.W. (*Id.*) Carr took O.W. into custody at the school and, later, in jail. (*Id.* 8.) O.W. was later "convicted of a felony." (*Id.*)

### B. Procedural Background

On March 5, 2021, Bass filed her Complaint in this Court. (ECF No. 1.) In her Complaint, Bass alleges that Carr violated O.W.'s: (1) Fourth Amendment rights by unreasonably searching and seizing his or her person and effects; and, (2) Fifth and Sixth Amendment rights by interrogating O.W. without the presence of Baker, counsel, or any parent. (Compl. 5.) Bass raises these claims under 42 U.S.C. § 1983.[9] (*Id.* 4.) Bass seeks, among other things, monetary relief and an apology from the administration of Kempsville Middle School. (*Id.* 8.)

On April 12, 2021, Defendants Carr and the Virginia Beach Police Department filed their Motion to Dismiss. (ECF No. 4.) On the same day, Defendants Baker and the Virginia Beach School Board filed their Motion to Dismiss or, in the Alternative, to Transfer Venue. (ECF No. 8.) On May 3, 2021, Bass filed a Motion for Extension regarding her response to Defendants' motions. (ECF No. 15) Two days later, the Court granted the Motion for Extension. (ECF No. 19.) On May 28, 2021, Bass filed another Motion for Extension of Time

---

[9] 42 U.S.C. § 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

3

and a Motion to Appoint Counsel, both of which still pend. (ECF Nos. 22, 23.) Bass never responded to Defendants' motions, and the time to do so has expired.

For the reasons articulated below, the Court will grant in part Defendants Baker and the Virginia Beach School Board's Motion to Dismiss or, in the Alternative, to Transfer Venue and transfer this action to the Norfolk Division.

## II. Analysis

In the Motion, Defendants Baker and the Virginia Beach School Board move to dismiss this case under Federal Rules of Civil Procedure 12(b)(1)[10] and 12(b)(6),[11] or in the alternative, to transfer the case to the United States District Court for the Eastern District of Virginia, Norfolk Division. (Mot. 1.) Based on the record before it and finding the Motion unopposed despite giving Bass ample time to respond, the Court concludes that transferring the case to the Norfolk Division serves the interests of justice.

### A. Legal Standard: Motion to Transfer Venue

Section 1404(a) of Title 28 of the United States Code governs venue. That section provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer a case rests in the district court's sound discretion. *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). A court determining the propriety of a motion to transfer under § 1404(a) follows a two-step inquiry. *Bascom Research, LLC v. Facebook, Inc.*, No. 1:12cv1111, 2012 WL 12918407, at *1 (E.D. Va. Dec. 11,

---

[10] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[11] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

4

2012). First, the court determines whether the claims could have been brought in the transferee forum. *Id.* Second, the court considers the following four factors: "(1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Id.* A court's decision to transfer depends on the particular facts of the case because § 1404(a) "provides no guidance as to the weight" that courts should afford each factor. *Samsung Elecs. Co., LTD. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005).

### B. Upon Consideration of the Applicable Factors, the Court Will Transfer This Case to the Norfolk Division

Because all the relevant factors favor transferring this case to the Norfolk Division, the Court will grant the Motion in part and order this case transferred.

As an initial matter, Bass could have filed this Complaint in the Norfolk Division, the transferee forum, in satisfaction of the first step under § 1404(a). *See Bascom*, 2012 WL 12918407 at *1. The acts undergirding this action took place in Virginia Beach, Virginia, which the Norfolk Division encompasses, rendering venue appropriate there. 28 U.S.C. § 1391 ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

The second step in considering a motion to transfer under § 1404(a) requires the Court to weigh the following four factors: "(1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *See Bascom*, 2012 WL 12918407 at *1. Each of these factors favors transferring this action to the Norfolk Division. The first factor, the plaintiff's choice of forum, weighs in favor of transfer. No evidence suggests that Bass prefers either the Richmond Division or the Norfolk Division except that she chose to file her Complaint in Richmond. Although a court usually weighs a plaintiff's choice of forum heavily in the plaintiff's favor, Bass does not oppose the transfer of this matter

to the Norfolk Division. Indeed, "deference to that forum choice varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." *Bascom*, 2012 WL 12918407, at *1 (quotation and citation omitted). When the plaintiff has only a "weak connection" with the forum, the plaintiff's choice of forum carries little weight. *Id*. On the record before the Court, no connection appears to exist between the Richmond Division and the facts giving rise to this action. Accordingly, the Court will accord little weight to Bass's choice of forum.

As to the second factor, convenience of the parties, the Norfolk Division plainly offers greater convenience than does the Richmond Division. It appears that none of the parties reside in or maintain their principal place of business in the Richmond Division. In the Complaint, Bass states that both she and O.W. reside in Virginia Beach. Bass brings her action against the two individual defendants, Carr and Baker, in their official capacities as employees of the Virginia Beach Police Department and the School Board of the City of Virginia Beach, respectively. The other two defendants, the Virginia Beach School Board and Virginia Beach Police Department, also are located in Virginia Beach. Because no party seems to have any connection to the Richmond Division, the second factor weighs in favor of transfer.

The third factor, the convenience of and access to witnesses, also favors transferring the action. Bass argues that all events giving rise to the injury at the heart of this action occurred in Virginia Beach. (*See* Compl. 5.) As such, witnesses to the incident reside in, or are nearer to, the Norfolk Division than the Richmond Division, rendering the Norfolk Division a more convenient and accessible location.

Finally, the fourth factor, the interest of justice, supports transfer. The events giving rise to the suit transpired in the Norfolk Division. The Norfolk Division is more convenient to

6

parties and to witnesses. It would seem that Virginia Beach and Norfolk would have a greater interest in presiding over events within its division. No factor weighs in favor of proceeding in the Richmond Division. Indeed, no party opposes transfer.

Because each of the Section 1404(a) factors weighs in favor of transfer, the Court will transfer the action to the Norfolk Division.

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion in part and transfer this action to the Norfolk Division. (ECF No. 8.) The Court will withhold judgment on the motion-to-dismiss portion of the Motion, (ECF No. 8), as well as on the other three motions pending on the Docket, (ECF Nos. 4, 22, 23).

An appropriate Order shall issue.

                                                      /s/
                                         M. Hannah Lauck
                                         United States District Judge

Date: 8/2/21
Richmond, Virginia