UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SANTRAYIA M. BASS, *et al.*,<br>　　　　Plaintiffs,<br><br>v.<br><br>MARIE L. CARR, *et al.*,<br>　　　　Defendants. | Civil Action No. 2:21cv448 |

**MEMORANDUM OPINION**

This matter is before the Court on the following motions: (i) a Motion to Dismiss filed by Defendants Marie L. Carr ("Officer Carr") and the Virginia Beach Police Department ("VBPD"), ECF No. 4; (ii) a Motion to Dismiss filed by Defendants Reid Baker ("Mr. Baker") and the Virginia Beach School Board ("School Board"), ECF No. 8; (iii) a Second Motion for Extension filed by *pro se* Plaintiffs Santrayia M. Bass ("Ms. Bass") and O.W., who is Ms. Bass's minor child (collectively "Plaintiffs"), ECF No. 22; and (iv) a Motion to Appoint Counsel filed by Plaintiffs, ECF No. 23.  For the reasons set forth in more detail below, *pro se* Plaintiffs will be ORDERED to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days.  As a result, Officer Carr and the VBPD's Motion to Dismiss, ECF No. 4, Mr. Baker and the School Board's Motion to Dismiss, ECF No. 8, Plaintiffs' Second Motion for Extension, ECF No. 22, and Plaintiffs' Motion to Appoint Counsel, ECF No. 23, will be DISMISSED as moot.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On March 5, 2021, Ms. Bass filed a *pro se* Complaint in the Richmond Division of this Court that identifies the named Plaintiffs as (i) Ms. Bass; and (ii) O.W., who is Ms. Bass's minor child.  Compl. at 1-10, ECF No. 1.  According to the allegations of the Complaint, O.W. is a

student at Kempsville Middle School in Virginia Beach, Virginia. *Id*. at 5. On March 5, 2019, during school hours, O.W. was questioned about a "nude photo" by Mr. Baker, the Assistant Principal, and Officer Carr, the School Resource Officer assigned to Kempsville Middle School. *Id*. Mr. Baker "instructed O.W. to open his phone for inspection to examine its content for evidence of wrongdoing." *Id*. Mr. Baker "did not locate any wrongdoing," and both Mr. Baker and Officer Carr "left the room while O.W. wrote his statement." *Id*. Officer Carr subsequently "returned alone to the room where O.W. was writing his statement and demanded [O.W.] look into his phone for a photo." *Id*. Officer Carr then "directed [O.W.] to show that photo that had been transmitted," and O.W. complied. *Id*. Officer Carr "used the information and photo" to obtain a "probable cause warrant" and arrested O.W. *Id*. "O.W. was taken into custody from school and placed in jail," and was subsequently "convicted of a felony." *Id*. at 8. O.W.'s parents were never notified that Officer Carr "was conducting a criminal investigation" on March 5, 2019, and O.W. was never advised of his rights. *Id*. at 5-8. Based on these allegations, the Complaint asserts claims against Officer Carr, Mr. Baker, the School Board, and the VBPD under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Sixth Amendments to the United States Constitution. *Id*. at 5.

On April 12, 2021, all Defendants filed Motions to Dismiss and provided *pro se* Plaintiffs with proper *Roseboro* Notices pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Officer Carr & VBPD's Mot. Dismiss at 1-2, ECF No. 4; Mr. Baker & School Board's Mot. Dismiss, ECF No. 8; Mr. Baker & School Board's *Roseboro* Notice, ECF No. 9; *see* E.D. Va. Loc. Civ. R. 7(K). Plaintiffs moved to extend their deadline to respond to the dismissal motions. Mot. Extension, ECF No. 15. On May 5, 2021, the Richmond Division of this Court extended Plaintiffs' response deadline to June 1, 2021.

Order at 1-2, ECF No. 19. Plaintiffs subsequently filed a Second Motion for Extension and a Motion to Appoint Counsel. Second Mot. Extension, ECF No. 22; Mot. Appoint Counsel, ECF No. 23. On August 8, 2021, the Richmond Division of this Court transferred this action to the Norfolk Division of this Court, and the case was assigned to the undersigned.[1] Order, ECF No. 26.

## II. DISCUSSION

Upon review of the Complaint and the parties' briefs, there appears to be confusion regarding which individuals intend to assert claims against Defendants in this action. For example, the Complaint identifies Ms. Bass and O.W. as separate, individual Plaintiffs, who both suffered injuries and who both seek relief against Defendants. Compl. at 1-3, 8, ECF No. 5. However, the specific factual allegations of the Complaint focus primarily on the alleged violations of O.W.'s rights. *Id*. at 1-10.

Officer Carr and the VBPD construe this action as one filed by Ms. Bass, "on behalf of her minor child O.W.," without any individual claims asserted by Ms. Bass. Mem. Supp. Officer Carr & VBPD's Mot. Dismiss at 1, ECF No. 5. Mr. Baker and the School Board construe this action as one filed by two Plaintiffs, Ms. Bass and O.W, who each assert claims for relief. Mem. Supp. Mr. Baker & School Board's Mot. Dismiss at 1-3, ECF No. 10 (noting that Ms. Bass and O.W. "[e]ach . . . brought this suit in her and his individual capacity" and referring to damages allegedly incurred by both Ms. Bass and O.W.).

---

[1] In their Motion to Dismiss, Mr. Baker and the School Board requested, as an alternative to dismissal, that this action be transferred from the Richmond Division of this Court to the Norfolk Division of this Court. Mem. Supp. Mr. Baker & School Board's Mot. Dismiss at 12, ECF No. 10. Upon review, the Richmond Division of this Court determined that "transferring the case to the Norfolk Division serves the interests of justice." Mem. Op. at 4, ECF No. 25. In doing so, the Richmond Division of this Court stated that "[t]he Court will withhold judgment on the motion-to-dismiss portion" of Mr. Baker and the School Board's Motion to Dismiss, "as well as on the other three motions pending." *Id*. at 7.

To the extent that Ms. Bass only intends to assert claims in this action on behalf of O.W., the Court notes that Ms. Bass, who does not appear to be a licensed attorney, cannot do so on a *pro se* basis. *See Gallo v. United States*, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004) (stating that "[a]lthough 28 U.S.C. § 1654 gives litigants the right to bring civil claims *pro se*, courts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a child without securing counsel"); *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400-01 (4th Cir. 2005) (recognizing that the legal competence of a "layman . . . is clearly too limited to allow him to risk the rights of others," and holding that "non-attorney parents generally may not litigate the claims of their minor children in federal court").[2] To the extent that Ms. Bass intends to assert claims in this action on her *own* behalf, Ms. Bass is free to do so on a *pro se* basis. The Court finds that the current Complaint does not adequately explain Ms. Bass's intentions.

To resolve this issue, Plaintiffs will be ORDERED to file an Amended Complaint within thirty days. Plaintiffs are ADVISED that the Amended Complaint will supersede the initial Complaint and will become the operative complaint in this action. As such, the Amended Complaint must:

(i) be clearly labeled as an Amended Complaint;

(ii) clearly identify the intended Plaintiff(s) in this action, as well as the capacity in which each Plaintiff intends to asserts claims (i.e., individually, as a next friend, etc.);

(iii) clearly identify all intended Defendants;

(iv) clearly state, with specificity, every claim that Plaintiff(s) intends to assert against each Defendant; and

---

[2] Courts have developed exceptions to this general rule for certain types of cases (*i.e.*, social security litigation); however, no such exception appears to apply to the circumstances alleged in this action. *See J.M. v. Colvin*, No. 2:15cv475, 2016 U.S. Dist. LEXIS 183976, at *22-24 (E.D. Va. Dec. 22, 2016) (allowing a non-attorney parent to bring a social security action on behalf of a minor child).

    (v)    clearly set forth all factual allegations upon which each asserted claim is based.

An amended complaint supersedes a prior complaint and renders it of no legal effect. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). Because the Court will order the filing of an Amended Complaint, the pending motions in this action—all of which seek relief as to the initial Complaint—will be rendered moot. Accordingly, the currently pending motions, ECF Nos. 4, 8, 22, and 23, will be DISMISSED as moot.

### III. CONCLUSION

For the reasons set forth above, *pro se* Plaintiffs will be ORDERED to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days. As a result, Officer Carr and the VBPD's Motion to Dismiss, ECF No. 4, Mr. Baker and the School Board's Motion to Dismiss, ECF No. 8, Plaintiffs' Second Motion for Extension, ECF No. 22, and Plaintiffs' Motion to Appoint Counsel, ECF No. 23, will be DISMISSED as moot.

An appropriate Order shall issue.

                                                      /s/
                                         Roderick C. Young
                                         United States District Judge

Richmond, Virginia
December 17, 2021